## Davidson & Wife *versus* McCandlish & Son.

1. Insolvency of the husband is not a condition precedent under the Married Woman's Act (April 11th 1848), to recovery against husband and wife, on a contract for necessaries for herself.

2. The wife is a member of the family, and necessaries for herself are included in " necessaries for the support and maintenance of the family." In the first instance, it is necessary only to prove her contract, and that the articles were such necessaries.

3. Bear's Estate, 10 P. F. Smith 430, distinguished.

May 15th 1871. Before Thompson, C. J., Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Cumberland county :* Of May Term 1871, No. 67.

This was an action originally brought before a justice of the

[Davidson *v.* McCandlish.]

peace by T. McCandlish & Son against Robert M. Davidson and Elizabeth his wife, for goods sold to the wife, with the purpose of charging her separate estate. The justice having rendered judgment for the plaintiffs, the defendants appealed to the Court of Common Pleas, where the case was tried before Graham, P. J., on the 17th of January 1871.

The evidence for the plaintiff was that at the request of Mrs. Davidson, they sold her, about April 11th 1867, a silk dress for $32.29, with trimmings for it, amounting to $10.13, together with other articles of clothing for herself; also, that Mrs. Davidson had separate property, and that she promised to pay for the goods out of it; there was no direct evidence that the husband was insolvent, but there was evidence that he was in bad credit.

In the course of the trial, several bills of exception on questions of evidence were sealed, and a number of points submitted upon which the court was asked to charge; none of which it is important here to state, except the fourth and fifth points of the defendants, which with their answers are as follows:—

4. Plaintiffs cannot recover against Mrs. Davidson, unless they have proved either that the debt claimed was contracted before marriage, whilst she was competent to contract—or afterwards as a *feme sole* trader, or that it was a debt contracted for necessaries after her husband had deserted her, or neglected or refused to support her.

And if neither of these points have been proved—which they are not—the verdict must be for the defendants. And these facts cannot be presumed against a married woman. They must be proved, and her declarations that she would pay the account, or her acts in getting the goods and promising to pay for them out of her separate estate, does not make her liable, as neither of the above points are proved.

Answer: "We cannot answer this point as requested. Proof of desertion or refusal by the husband, or neglect to support his wife, is not required to enable the plaintiffs to recover in this case, as we have stated in our general charge."

5. There is no evidence in this case that would bind the estate of Mrs. Davidson for the debt claimed by plaintiffs, and the verdict should be for the defendant.

Answer: "We cannot answer this point as requested. On the contrary, our opinion is that the evidence on part of plaintiffs, if you believe it, will justify a recovery by plaintiffs. But the evidence is for the jury and not for the court."

In his general charge, Judge Graham said:—

" * * * The law does not require that a husband shall first desert his wife, or the wife shall be put to the humiliating submission that her husband has neglected and refused to support her before she can charge her separate estate to feed and clothe her-

[Davidson *v.* McCandlish.]

self and children.   The husband may be willing and anxious to
provide for his family, but by reason of disease and infirmity, or
other cause, totally unable to do so.   Under such circumstances
it would be cruel to require a separation, before the wife could
contract a debt for the support of herself and family upon the
credit of her separate estate; and there is no provision in the law
to countenance such a construction.   But defendants' counsel con-
tend with great earnestness that before judgment can be recovered
against husband and wife, the insolvency of the husband must be
first proved, and the opinion of Agnew, J., is relied upon to sus-
tain this position.   In Bear's Estate, he says 'In suits against hus-
band and wife the law carefully guards the separate estate of
the wife, and after judgment obtained in a joint action, requires
that execution shall first issue against the husband alone, and if
the officer executing the writ shall return that no property of the
said husband can be found, then an alias execution may be issued
which may be levied upon and satisfied out of the separate property
of the wife.' * * *

" Your first inquiry then will be, were the purchases made by
Mrs. Davidson ?   *   *   *   If the purchases were not made by
Mrs. Davidson there can be no recovery.   If they were made by
her and under a promise that she would pay for them out of her
separate estate, as both the plaintiffs testify, then a further inquiry
arises, were the purchases necessary for the support of herself and
family ?   What are necessaries is a fact for the jury to determine.
The list of articles purchased may have been all for her own use.
But in this list is a silk dress at $32.90, and it is objected to, that
it was not necessaries within the meaning of the Act of Assembly.
In determining this question you will take into consideration the
social position of Mr. Davidson and wife.   *   *   *   If you con-
sider this purchase of a silk dress was wasteful, useless and un-
necessary extravagance on the part of Mrs. Davidson, not neces-
sary to her comfort or required by the social position she occupied,
then reject it.   On the contrary, if you consider it was necessary
to her comfort and happiness to enable her to appear among her
associates in a garb suitable to her position in the society with
which she associated, then we think it would be a harsh construc-
tion of the law to say that a wife may not purchase a silk dress
with her own money, although her husband may have squandered
his patrimony in censurable extravagance.   But the question
whether these articles of dress were necessary, is for the jury and
not for the court to determine, and to you we submit it."

The verdict was for the plaintiffs for $66.34.

The defendants took a writ of error and assigned for error the
charge and the answers to their points.

*M. Williams* and *W. H. Miller*, for plaintiffs in error, cited Act of

[Davidson *v.* McCandlish.]

April 1848, § 3, Purd. 700; Murray *v.* Keyes, 11 Casey 384; Heugh *v.* Jones, 8 Id. 432; Bear's Estate, 10 P. F. Smith 430.

*F. E. Beltzhoover* and *G. H. Goetz*, for defendants in error.

The opinion of the court was delivered, May 18th 1871, by

AGNEW, J.—The bills of reception to the exception of evidence are presented imperfectly in the assignments of error; as if the evidence had been received generally, while each was materially qualified by the judge. In the first bill it appears that the evidence was received reserving its effect upon the recovery, and therefore the question of its effect was carried over into the charge. But there was direct evidence of the contract being made by Mrs. Davidson, she herself having purchased the goods. Her subsequent admissions were, therefore, only corroborative. So also in the second bill assigned for error, the evidence was received only to show the purpose of the payment of the money to Major Rhoads, leaving the appropriation to be governed by other evidence.

The only question in the case which deserves notice is whether the insolvency of the husband must be proved before a recovery can be had against husband and wife in an action founded upon her contract for necessaries for herself. This would not admit of a question were it not for the misapplication to the case of the decision in Bear's Estate, 10 P. F. Smith 430. The 8th section of the Act of 11th April 1848, relating to the estates of married women, contains no such provision of insolvency, as a condition precedent to recovery. It is only after recovery that the question of the husband's ability to pay arises. The execution must first go out against the husband alone, and a return of no property be made, before execution can go against the wife. It is sufficient to support the action, in the first instance, if the contract of the wife be declared upon, and proved; and that it was for necessaries for the support and maintenance of the family. She is herself a member of the family, and of course necessaries for herself will be included. The insolvency referred to in the opinion in Bear's Estate had reference to a very different state of facts. There the wife had died before suit, leaving a separate estate, and her husband surviving her. The survivorship of the husband cast the burthen upon him. No action could be brought against the husband and wife, and of course no execution could first go out against him, and then against her. Now admitting that in *equity* the debt survived against the separate estate of the wife, it is obvious it could do so only on the ground of the husband's insolvency. The creditor therefore will not be permitted to take his debt in the first instance out of the estate of the wife, for this would frustrate the primary liability of the husband to support his own family, and cast it upon the separate estate of the wife. The right to come in upon the estate of

[Davidson *v.* McCandlish.]

a deceased wife, is not within the letter of the act, but only its equity; and hence the husband's inability to pay the debt at the time of her decease, is an essential condition to payment out of her estate. We discover no error in the charge of the learned judge, and therefore affirm the judgment.