## Marshall *v.* Hill, Appellant.

*Husband and wife—Necessaries—Liability of husband—Parties—Act of April 11, 1848, P. L. 536.*

1. An action may be maintained against a husband alone for family washing for the wife, where it appears from a letter produced in evidence by the plaintiff, and addressed by the defendant's attorney to his wife, that the husband had promised to furnish all necessary clothing for his wife and children and to pay bills promptly submitted to him for all things that might be necessary. Such a letter, although the plaintiff was not a privy to it, was admissible in evidence, inasmuch as her right to recover was based on the relations of the defendant and his wife and such relations were fixed by the letter.

2. There is nothing in the Act of April 11, 1848, par. 8, P. L. 536, which requires that a wife shall be joined with the husband in a suit for necessaries furnished the wife, where the endeavor is to hold the husband alone.

Argued Nov. 17, 1914. Appeal, No. 61, Oct. T., 1914, by defendant, from judgment of C. P. Bradford Co., Feb. T., 1913, No. 121, on verdict for plaintiff in case of Mary Marshall v. George R. Hill. Before Rice, P. J., Orlady, Head, Kephart and Trexler, JJ. Affirmed.

Assumpsit for family washing. Before Whitehead, P. J.

At the trial it appeared that the work was done for defendant's wife while she was living separate and apart from her husband. The evidence tended to show that the wife's separation from her husband was justifiable.

The plaintiff offered in evidence a letter addressed to Mrs. Hill by defendant's attorneys. The material portions of this letter were as follows:

"Towanda, Pa., Apr. 22, 1912.

"Mrs. George R. Hill,

"Towanda, Pa.

"Madam:—Mr. Hill states to us that you have not indicated where or how you are supported other than

the $80.80 provided by him for you several years ago and still being received by you monthly and he has been unable to obtain definitely information on the subject. That yourself and the children may be sufficiently provided for and that you may not feel delicate in applying for assistance and that Mr. Hill may not in any way fail in doing all that any man can be expected to do, you are informed that Mr. Hill has arranged without charge and free to you with Finney & Matchett to pay room rent at the Griffith residence if you are stopping there, credit with Mr. I. P. Spalding for groceries and other things in his line and with Mr. T. R. Braund for meats, vegetables, etc., in his line and provisions for you and the children if you are providing for yourself. · He also arranged with the manager of the Ward Hotel Co. for the room and board at Ward House here of yourself and children at any time that you· may see fit to go there.    If you desire a servant Mr. Hill 'is willing to employ such for you if necessary and upon application of Mr. Hill he will also furnish all necessary clothing for the children and yourself and will pay bills promptly submitted to him for all things that may be necessary."

Verdict and judgment for plaintiff for $34.65.    Defendant appealed.

*Errors assigned* amongst others were in admitting in evidence the letters of Mrs. Hill, and in refusing judgment for defendant n. o. v.

*J. Roy Lilley*, with him *Wm. P. Wilson* and *Mial E. Lilley*, for appellant.—The plaintiff does not prove any new agreement, express or implied, subsequent to the writing of the letter of April 22, 1912, and even though this letter meant what the plaintiff mistakenly contends, still the plaintiff at the time was not interested in it, knew nothing whatever about it, and can acquire no advantage thereunder: Blymire v. Boistle, 6 Watts, 182;

Guthrie v. Kerr, 85 Pa. 303; Adams v. Kuehn, 119 Pa.
76; Freeman v. Penna. R. R. Co., 173 Pa. 274; Brown
v. German-American Title & Trust Co., 174 Pa. 443;
Howes v. Scott, 224 Pa. 7; Mallalieu's Est., 42 Pa.
Superior Ct. 101; Cooper v. Walther, 44 Pa. Superior
Ct. 298; Sweeney v. Huston, 243 Pa. 542.

*D. C. Dewitt,* for appellee.

OPINION BY TREXLER, J., April 19, 1915:

The plaintiff did the family washing for the wife of
the defendant and now brings suit against him for the
amount due her.  When a wife takes up necessaries for
the family of her husband and herself the primary pre-
sumption is that she is acting as his messenger or agent;
the primary duty of furnishing necessaries being on him.
This presumption disappears when she separates from
him unless the separation is shown to be justifiable:
Walker v. Simpson, 7 W. & S. 83.  When he wrongfully
compels her to withdraw from him without means of sup-
port there is an implication of law that her husband has
given her credit to obtain necessaries suitable to her
condition.  He who furnishes necessaries to a wife so
separated on the credit of her husband does so at his
risk and must show that she has been abandoned by her
husband or forced to leave his residence: Monahan v.
Auman, 39 Pa. Superior Ct. 150; Allen v. Rieder, 41
Pa. Superior Ct. 534; 2 Kent's Comm. 146.

It was admitted at the trial that the wife's separation
from her husband was justifiable.  It also appeared in
evidence that the husband had made provision for his
wife.  If proper provision has been made for a wife her
husband is not liable even for necessaries furnished for
her support: Cany v. Patton, 2 Ashmead, 140; Endlich
& Richards on the Rights of Married Women, par. 81;
Husband's Married Women and Trusts, p. 43.

The husband having provided support for his wife
by the payment of a monthly sum to her would, without

any reason appearing to the contrary, be no longer liable for her debts for necessaries contracted by her. It therefore fell to the plaintiff, if she would establish her suit, to prove that the washing she furnished was not only necessary but that it was not already provided for by the allowance which the husband was giving to his wife. To do the latter she offered in evidence a letter written by the attorneys of the husband, their power to bind him not being disputed, which letter after offering assistance to Mrs. Hill and arranging to pay her room rent and to get credit for groceries, meats and vegetables, and board at the hotel, if necessary, for herself and children, contains the following, "If you desire a servant, Mr. Hill is willing to employ such for you if necessary, and upon application to Mr. Hill he will also furnish all necessary clothing for the children and yourself and will pay bills promptly submitted to him for all things that may be necessary." The trial judge referred the question as to whether the washing was a necessity to the jury. He construed the letter as giving Mrs. Hill the right to obtain necessaries and that the husband would pay the bills. This construction was the only one that could be put upon the letter. The language is plain and unambiguous. It fixed the financial arrangements of these parties and as to the extent of its terms removed all former limitations as to his liability for her contracts. It is argued that as this plaintiff was not privy to the arrangement made in the letter it could not be used by her as a basis to support her claim. This position we think is not tenable. Although not a party to the letter, her right to recover must be found in the relations of Hill and his wife. She must recover through Mrs. Hill. The liability of the husband is fixed by the letter and in this view it is all important.

Objection is made that the plaintiff's statement and proofs vary. We see no merit in this contention. The statement declares for work done for the defendant, gives the items and in addition gives a copy of the letter

relied upon as giving authority to the wife to contract for necessaries. Proof was submitted and the case tried along the same lines as laid down in the statement.

It is urged that suit should have been brought against husband and wife under the Act of April 11, 1848, P. L. 536, par. 8, and that a suit against the husband alone is irregular. That act provides that in order to charge the wife, the creditor may bring a joint suit against husband and wife and after judgment have execution against the husband and if no property is found proceed against the wife. There is nothing in the act that provides where the husband is sued the wife must be joined. The cases cited by appellant: Berger v. Clark, 79 Pa. 340; Davidson v. McCandlish, 69 Pa. 169, are authority for the position that in order to hold her he must be joined. They have no application to the case where the endeavor is to hold him alone.

All the assignments of error are overruled and the judgment is affirmed.