## Hagedorn *v.* Haber, Appellant.

*Husband and wife—Contract of wife—Necessaries—Wearing material.*

In an action against a husband and wife to recover the price of wearing apparel alleged to be necessary for the wife, evidence of the sale to the wife of the goods in question on her credit, at her request and accompanied by the delivery of the material to her, is sufficient to make out a prima facie liability against the wife.

Argued Oct. 16, 1916. Appeal, No. 149 Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., Feb. T., 1916, No. 51, for plaintiffs, in case of A. Hagedorn, H. Rosenfelt and M. Myers, trading as Hagedorn's Model Shop v. Henry Haber and Sadie Haber. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for wearing material sold and delivered. Before CASSIDY, J.

The case was tried by the court without a jury.

Verdict and judgment was entered in favor of the plaintiff for $123.58. Sadie Haber appealed.

*Error assigned* was in entering judgment for plaintiff.

*Clarence E. Blackburn,* with him *Julius C. Levi,* for appellant.

*Howard E. Heckler,* for appellees.

OPINION BY HENDERSON, J., December 18, 1916:

This action was brought against the defendants to recover the price of wearing apparel sold to the appel-·lant and alleged to have been necessary. The appellant's husband did not appeal and the sole question here is whether the evidence supports the judgment against the wife. It appears from the defendant's testimony that she bought a "suit" and a gown and that they were necessary for her use. Evidence was offered by the plaintiffs that the purchases were made by Mrs. Haber and that she solicited and obtained a credit in her own name at that time. The evidence brings the case within all of the adjudications relating to the liability of a married woman for necessaries for the use of herself or her family. Evidence of a sale to her on her credit at her request accompanied by the delivery of the merchandise to her is sufficient to make out a prima facie liability: Davidson v. McCandlish, 69 Pa. 169. Under the evidence, the question became one of fact and we are not convinced that the judgment is not sufficiently supported by the testimony. The case of Moore v. Copley, et al., 165 Pa. 294, relied on by appellant was decided on the question whether a book account against a married woman afforded proof prima facie both of the services rendered and of the express undertaking of such mar-

ried woman to subject her separate estate to liability for their payment, and it was there held that the wife is not liable unless she expressly undertakes to become so. There was no evidence of such undertaking, the liability sought to be charged only arising if at all out of the act of the wife in summoning the physician for herself or her children, and the book account against her for his services.   In the case before us there was evidence fully warranting the trial judge in holding that the purchase was made on the credit of the wife.   That part of the bill which related to the apparel bought for the appellant's mother was properly charged to the appellant, as her capacity to enter into such a contract under the Act of June 8, 1893, P. L. 344, is manifest.   "Every restriction imposed by the common law upon the capacity of a feme covert to contract has been removed, except in two cases: First, she cannot become accommodation endorser, maker of or guarantor or surety for another; second, she cannot, without her husband joins, convey or mortgage her real estate": Peter Adams Paper Co. v. Cassard, 206 Pa. 179; Hazleton Natl. Bank v. Kintz, 24 Pa. Superior Ct. 456.   The reasons assigned are insufficient to support a reversal.

The judgment is affirmed.