## Lit Brothers *v.* Hare, Appellant.

*Husband and wife—Necessaries—Joint action—Evidence.*

In an action brought against a husband and wife jointly, for necessaries for the wife, a judgment on a verdict against the husband will be sustained where it appears from the testimony of the wife called as for cross-examination, that the goods were apparel for her own use, that they were delivered to her, that they were charged to her husband at her request, and that her husband had not made proper allowance for her support.

Argued Oct. 17, 1917. Appeal, No. 274, Oct. T., 1917, by John R. Hare, from judgment of Municipal Court, Philadelphia Co., Jan. T., 1917, No. 145, on verdict for plaintiff in case of Lit Brothers v. John R. Hare and Margaret Hare, his wife. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before WHEELER, J.

At the trial Margaret Hare was called as for cross-examination. She testified that the goods for which suit

was brought consisted of wearing apparel for herself; that they were delivered to her and charged to her husband at her request, and that he had not made adequate allowance for her support.

Verdict and judgment against John R. Hare for $49.65. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*David R. Griffith, Jr.,* for appellant.

*Albert S. Longbottom,* with him *Robert J. Byron* and *G. Lawrence Pape,* for appellee.

OPINION BY ORLADY, P. J., April 22, 1918:

The liability of a husband for purchases made by his wife for necessaries for her support and maintenance, has been so recently considered in Hagedorn v. Haber, 65 Pa. Superior Ct. 179; Strawbridge v. Wolff, 66 Pa. Superior Ct. 328, and Gaston v. Vitte, 67 Pa. Superior Ct. 483, that it is not requisite in this case to repeat the reasons and citations therein given.

The disputed facts in this case were fairly submitted by the trial judge and there is sufficient evidence to warrant the verdict returned by the jury.

The judgment is affirmed.