Boro. of Oakdale *v.* John B. Knepper, Appellant.

518

Argued April 24, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Harry J. Nesbit,* for appellant, cited: Allen v. Rieder, 41 Pa. Superior Ct. 534; Marshall v. Hill, 59 Pa. Superior Ct. 481.

*C. Elmer Brown,* for appellee, cited: Girard Life Insurance Co. v. City of Philadelphia, 88 Pa. 393.

OPINION BY BALDRIGE, J., July 2, 1929:

The appellant and his wife had marital differences which resulted in their separation. The court, in 1921, ordered him to pay ninety ($90) dollars a month to his wife and provide a house, "paying the taxes, county and borough, and water taxes, and so on." The husband owned the house, which became vacant on the 5th of October, 1921. He notified the borough to shut off the water, and stated, "This will cancel the contract of Mr. Edwin Welsh, the former owner." The wife and their four children were given possession of the house in June, 1922, and thereupon the water was turned on under her orders. The husband refused to pay the water rent and this municipal claim was filed. The appellant contends that as he did not order the water to be furnished, he is not responsible therefor.

The appellant introduced in evidence a borough ordinance providing that those applying for water service are required to sign a contract by the owner of the property to be furnished with water. This provision was for the benefit and protection of the borough and if it saw fit to waive that requirement, it would not defeat a claim for the water furnished: Girard Life Insurance Co. v. City of Philadelphia, 88 Pa. 393.

When a wife, nine months after the service had been ordered to be discontinued, thereby cancelling the contract of a former owner, directs the water to be supplied to the house in which she is living, she is entitled to water service; 3 Dillon on Municipal Corporations, section 1317, and the borough had the right to collect from the owner or to file a claim against the property benefited.

Section 2 of the Act of May 28, 1915, P. L. 599, which was in effect when the water was first furnished, provides: "The lien—for water rates—shall exist in favor of, and the claim therefor may be filed against the property thereby benefited by the city, borough, or township extending the benefit."

The Act of May 16, 1923, P. L. 207, made no change in the law relating to the collection of water rates and the primary liability therefor of the owner of the building.

The borough ordinance, above referred to, provides also in section 18 that "in all cases the borough will look to the owner of the premises supplied with water for the payment of the water rent."

We are aware that ordinarily if a husband has separated from his wife and has made provision for her, the law will presume that she is no longer his agent to incur obligation for the necessaries of life, and therefore she does not have the right to enter into a contract binding on the husband: Allen v. Rieder, 41 Pa. Superior Ct. 534; Marshall v. Hill, 59 Pa. Superior Ct. 481. But a municipality furnishing water to the husband's family, which he is maintaining under an order of court, stands in a different and in a higher position than an ordinary creditor. Special remedies, for instance, are afforded the municipality.

The refusal to furnish water probably would have endangered the health of not only the family living in the house deprived of water, but the neighborhood as well. The public has an interest in a matter of this nature. Every protection should be afforded to the health of the people living in a community where sanitary precautions are necessary. Opportunities are afforded to the residents in municipalities to have necessities, as water, sewage, light, to promote their comfort and convenience and the law recognizes the

right of the municipalities to be protected from financial loss for the service rendered.

A copy of the court's order was not made part of the record, but assuming it to be as testified by the plaintiff that he was to provide a house, pay the taxes, "and so on," the latter words evidently had some import. They probably meant that the husband was to pay charges against the house that were necessarily incident to the use of the property, as the furnishing of water. It would not be a strained interpretation to hold that water rates were contemplated by the court's order. If we are incorrect in such an interpretation, the owner of the house is, notwithstanding, liable under the legislation cited for the payment of the water rent.

The assignments of error are overruled and the judgment is affirmed.