The Security Building and Loan Association, Respondent, *v.* Fred G. Carey and Others, Defendants, Impleaded with The City of Oswego, Appellant.

Fourth Department, March 6, 1940.

*Harry C. Mizen* [*James H. Horan* with him on the brief], for the appellant.

*John L. Mournighan,* for the respondent.

Dowling, J. On October 26, 1925, the defendants Carey executed to the plaintiff a mortgage for $1,000 and on April 14, 1927, a second mortgage for $500 covering their property in the city of Oswego. Between May 1, 1933, and February, 1939, appellant, the city of Oswego, supplied water to the mortgaged premises at the regularly established rates for water thus supplied. The mortgagors paid the amounts charged except the sum of fifty-seven dollars. In February, 1939, the plaintiff instituted this action to foreclose its mortgages and joined the city of Oswego as a party defendant. The plaintiff alleged, in substance, that the city supplied said premises with water at various periods between the above dates and that the owners have failed to pay the appropriate " water rents " but that said rents are not a lien upon the

mortgaged premises for the reason that the city had failed to shut off the water from said premises as required by its charter and the plaintiff prayed, in part, for judgment " that the validity of the alleged lien of the City of Oswego for unpaid water rents be determined." The city interposed an answer alleging that it supplied water to the occupants and owners of the mortgaged premises for domestic purposes between May 1, 1933, and the commencement of the foreclosure action with the full knowledge and consent of the plaintiff and the defendant owners and that the water so supplied was fairly and reasonably worth the sum of fifty-seven dollars, no part of which has been paid and that it had a lien on said premises in the sum of fifty-seven dollars for the water thus supplied and that said lien was like liens for taxes and assessments imposed and levied by the city of Oswego and that its lien was and is superior to the lien of the plaintiff's mortgages and the city demanded judgment accordingly. The trial of the issue thus framed resulted in a judgment for the plaintiff which provided in part, " That the water rents due the City of Oswego as set forth in the complaint herein are liens subject and subordinate to the liens of the plaintiff's mortgages, and are inferior thereto." From this part of the judgment the city has appealed to this court. The parties are in agreement so far as the facts are concerned.

The village of Oswego was incorporated by chapter 67 of the Laws of 1828. The city of Oswego was incorporated by chapter 116 of the Laws of 1848. The charter of the city was revised by chapter 394 of the Laws of 1895. The charter as revised was amended by chapter 207 of the Laws of 1902. By title XVI of the charter, as added by this chapter, there was created a department of water consisting of four commissioners. Section 390 of title XVI provided in substance that the department of water " shall, before the water rates    *    *    *    shall become due, prepare and deliver to the city chamberlain a list, giving the names of persons and corporations receiving water, with the amounts due from them, together with a brief description of the property against which the water is a charge, giving street and street number when possible, and such other description as the department may deem necessary, and at the same time prepare and furnish to the persons liable to pay the same, water bills to correspond with such lists, which bills or duplicates thereof furnished by said department, shall be presented to the chamberlain to be receipted by him when said bills are paid. The chamberlain shall on the twentieth day after such bills shall become due, deliver to the department [of water] a list of all water rates then unpaid." Section 391 of title XVI provided that " All water rates shall be paid directly to the city

chamberlain by the persons owing the same." Subdivision 1 of section 393 of title XVI empowered the water department to manage and control the property purchased or to be purchased from the Oswego Water Company. Subdivision 2 of section 393 empowered the water department to acquire any other property or rights in the county of Oswego which " may be necessary for the purpose of a supply of water." Subdivision 4 of section 393 provided that, " It shall be its duty so far as practicable, to furnish for the city of Oswego and the inhabitants thereof and others, at all times a sufficient supply of good and wholesome water." Subdivision 5 of section 393 provided, " It shall fix the rates to be paid for water, and such rates shall be payable as often as semi-annually (and as much oftener as the department may provide), and shall be payable in advance except as hereinafter provided." Subdivision 6 of section 393 provided for the metering of water and for the payment for such water as often as monthly. Subdivision 8 (since amd.) of section 393 provided in part that, with exception of the governments of the United States, the State of New York and such railroad companies as the department deemed solvent, " it shall shut off the water of any service whose water rates shall remain unpaid for twenty days * * *. A reasonable uniform fee, to be fixed by the department, shall be charged and collected, for turning on water after the same has been so shut off." Subdivision 11 of section 393 provided, " It shall among other records keep a register of the names of all persons and corporations furnished with water, together with the rates charged therefor, and such register shall be so kept that it shall be easily understood by, and be easily accessible during office hours to the public." Subdivision 13 of section 393 provided in part that the water department " shall also have the power to make such rules as it may deem proper, to regulate the introduction of water " into the premises of its patrons.

An examination of chapter 207 of the Laws of 1902 discloses that no provision was made impressing a lien on premises served for unpaid water rents. Chapter 394 of the Laws of 1895 was amended by chapter 349 of the Laws of 1915 by adding title XVII. Section 409 of title XVII created and established a " Water Service Commission " and constituted it a city department. This department in no way interferes with or supersedes the department of water. This amendment contains no provision relative to liens for unpaid water rents.

By section 2 of Local Law No. 19 of the Oswego Local Laws of 1933 the common council of the city of Oswego repealed section 391 of title XVI of chapter 394 of the Laws of 1895, as added by

chapter 207 of the Laws of 1902 and by section 1 in its place enacted a new section 391 which provides in part that " All water rates shall be paid directly to the city chamberlain by the person owing the same. Such water rates shall be, like other taxes and assessments of said city, a lien and charge upon such premises and buildings as are so supplied and if unpaid, may be added to the annual city tax on the property to or for which such water was furnished." The appellant city maintains that this section gives it a lien superior to the lien of the plaintiff's mortgages and the respondent maintains that the lien of its mortgages is superior to the lien of the appellant for the following reasons: (a) That its mortgages were record liens before the enactment of section 391 by Local Law No. 19, that that section fails to fix the date when the lien shall begin or expire, fails to provide any manner of enforcement of such lien, fails to make it clear whether the department of water or the city itself shall enforce such lien, fails to prescribe the rights and priorities of other liens. (b) Water rents are not classified as taxes or assessments but rest upon contract rather than upon the exercise of the taxing power. A lien for water rents exists only by virtue of some statute and the statute must provide remedies for its enforcement. (c) The city is prevented from invoking its lien because of its failure to shut off the water after default in payment by the mortgagors for a period of twenty days. (d) Section 391 is retroactive and deprives the plaintiff of its property in violation of the Fourteenth Amendment of the Constitution of the United States.

Before considering these objections it is important to determine whether taxes and assessments levied on real property by the city of Oswego take precedence over real estate mortgages of record prior to the date upon which such taxes and assessments become liens. By sections 261* and 275* of the charter of the city of Oswego taxes and assessments become liens on the real property affected from the time of their confirmation by the common council of said city. The city charter, however, contains no provision making them liens superior to the liens of recorded mortgages or of any other liens. Our research has disclosed no constitutional or statutory provision giving such taxes and assessments priority over recorded mortgages or other forms of lien. Such liens, however, are given priority by the rules of the common law in effect in this State. The right to tax exists independently of the Constitution as a necessary attribute of sovereignty. Without the power to tax there can be no effective government. (*People* v. *Adirondack Railway Co.*, 160 N. Y. 225, 236.) " All taxation

---

* See Oswego Local Laws of 1933, Nos. 5 and 6 respectively.—[REP.

is arbitrary, for it compels the citizen to give up a part of his property." (*People ex rel. Hatch* v. *Reardon*, 184 N. Y. 431, 443.) "Inasmuch, therefore, as the claims or moneys due the king, for the support and maintenance of the government, whether derived from taxes or other sources of income, were preferred over the claims of others, it follows that under the first subdivision of the provision of the Constitution of 1777, quoted, such preference became a part of the common law of our State, and is so continued under our present Constitution." (*Matter of Carnegie Trust Company*, 206 N. Y. 390, 397, 398.) The same is true under the present Constitution. (See State Const. art. 1, § 14, approved by the people Nov. 8, 1938.) "The obligation of the tax does not rest on contract. It is a statutory liability imposed upon all the inhabitants of the State defined as taxable, to the end that they may contribute their just share to the expenses of government [and case cited]." (*Village of Charlotte* v. *Keon*, 207 N. Y. 346, 348.) "Where taxes are not collected, the burden which one taxpayer escapes is placed upon those who do pay. Thus justice and fairness in government dictates equality in collection of taxes required to maintain the government, and justifies the assertion of the prerogatives of a sovereign in demanding a preference in collection over the claims of creditors." (*Matter of Atlas Television Co.*, 273 N. Y. 51, 55.) In *Getman* v. *Niferopulos* (276 N. Y. 161, 171, 172) the court held that tax liens were entitled to preference over previously recorded mortgages. Section 1087 of the Civil Practice Act indicates that taxes, assessments and water rates are to be preferred as to payment over mortgages in process of foreclosure. Enough has been shown to indicate that taxes and assessments levied by the city of Oswego in keeping with the provisions of its charter take precedence over prior recorded mortgages. "Water rents and charges may be collected either as taxes or as compensation for water consumed (*New York University* v. *American Book Company*, 197 N. Y. 294), and a lien therefor may be imposed on either theory but only perforce of the statute." (*Sayer* v. *City of New York*, 208 N. Y. 159, 163.) The city of Oswego is seeking to collect in this instance "for water consumed" on the mortgaged premises. Section 391 of the charter, as enacted by Local Law No. 19, places water rate liens in the same category as liens for taxes and assessments and it would naturally follow that such liens are entitled to the same preference. No municipality could successfully operate a water system if its water rate liens are to be subordinate to mortgage or tax liens. The common council of Oswego undoubtedly had this thought in mind when it placed water rate liens on a parity with tax and assessment liens.

Where a person applies for water for his premises a contract to pay the rates charged therefor arises. (*Silkman* v. *Water Commissioners*, 152 N. Y. 327, 331.) The sale being on credit, a lien is imposed upon the property as security for the payment of the debt. (*New York University* v. *American Book Co.*, 197 N. Y. 294, 297.) The fact that a lien is given for water rates does not affect the validity of the act imposing such lien. (*Robertson* v. *Zimmermann*, 268 N. Y. 52, 64.) '" A city without water would be a desolate place and if plaintiff's property was in such situation it would partake of the desolation. And as a supply of water is necessary it. is only an ordinary and legal exertion of government to provide means for its compulsory compensation." (*Dunbar* v. *City of New York*, 251 U. S. 516, 518.) " The providing a sufficient water supply for the inhabitants of a great and growing city is one of the highest functions of municipal government, and tends greatly to enhance the value of all real estate in its limits; and the charges for the use of the water may well be entitled to take high rank among outstanding claims against the property so benefited." (*Provident Institution* v. *Jersey City*, 113 U. S. 506, 516.) In the case last cited the court said, page 516, that it was " not prepared to say that a legislative act giving preference to such liens even over those already created by mortgage * * * would be repugnant to the Constitution of the United States."

We think that section 391 of the charter, as enacted by Local Law No. 19, is not open to any of the objections urged against it. It was the failure of the plaintiff's mortgagors and the plaintiff itself to make the payments within twenty days for water consumed and not the failure of the city to shut off the water at the expiration of the twenty-day period fixed by the city charter that initiated the lien. The lien for unpaid water rates became effective when the city chamberlain delivered to the department of water the list showing the unpaid water rates as he was required to do by section 390 of the city charter. (*Home Owners' Loan Corp.* v. *Tyson*, 133 Ohio St. 184; 12 N. E. [2d] 478, 482.) Section 391 of the charter, as enacted by Local Law No. 19, provides a very simple method for enforcing a water rate lien, namely, by adding the amount thereof " to the annual city tax on the property to or for which such water was furnished." Had this been timely done the lien unquestionably would have had precedence over the liens of the plaintiff's mortgages. The inference is permissible also that, since water rate liens are like assessment and tax liens, the city might enforce them in the manner provided in its charter for the enforcement of liens in the case of delinquent taxes and assessments. (See *Village of Haverstraw* v. *Eckerson*, 192 N. Y. 54.) The plaintiff's constitutional rights under

the Fourteenth Amendment of the United States Constitution would not be impaired if the water rate lien in question were preferred over the liens of its mortgages since that amendment does not apply to matters involving taxation. (*People ex rel. Griffin* v. *Mayor, etc., of Brooklyn*, 4 N. Y. 419, 423.)

On the equities the city should have its lien preferred for the reason that the plaintiff must have known when it negotiated its mortgages that the city was supplying water to the premises described therein. Moreover, by the exercise of reasonable diligence, the plaintiff could have discovered the lien, paid the amount due and added it to the mortgage indebtedness. (Civ. Prac. Act, § 1087.)

We think the city's lien, under the conceded facts, was superior to the lien of the plaintiff's mortgages and the trial court should have so found and held. The judgment, so far as appealed from, should be reversed on the law, with costs, and judgment should be entered declaring the defendant's lien for water rates superior to the lien of the plaintiff's mortgages and directing that the amount of the defendant's lien be paid by the referee out of the proceeds of the sale as provided in section 1087 of the Civil Practice Act.

Certain findings of fact modified.

All concur. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Judgment so far as appealed from reversed on the law, with costs, and judgment directed to be entered declaring the defendant's lien for water rents superior to the lien of the plaintiff's mortgages and directing that the amount of the defendant's lien be paid by the referee out of the proceeds of the sale as provided by section 1087 of the Civil Practice Act. Certain findings of fact modified.