## Girard Trust Corn Exchange Bank, Appellant, *v.* Ermilio.

Argued March 24, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*W. Horace Hepburn, III*, with him *W. Horace Hepburn, Jr.*, for appellant.

*John W. Dawson, Jr.*, for appellee.

OPINION BY GUNTHER, J., July 21, 1955:

Plaintiff landlord sued defendant tenant to recover $634, the excess water rent charged against the demised premises during defendant's occupancy. Defendant's preliminary objections were sustained and also judgment was entered for defendant on a motion for judgment on the pleadings.

Water rent in the City of Philadelphia is charged by paying a basic fee for all water used up to a specified amount and above and beyond that by the additional cubic feet used. Defendant installed large air conditioners on the premises, thus using a quantity

of water far in excess of that allowed for the basic charge. Plaintiff paid the water bills to avoid a lien being placed on the premises.

The lease between the parties provides nothing on the subject ,the printed clause charging lessee therefor having been deleted. Plaintiff contends that defendant impliedly agreed to pay for all excess water rent by connecting the air conditioner to the water supply without notifying plaintiff. This argument is based on the contention that it was the intention of the parties in deleting the water rent clause in the lease only to relieve the tenant of the basic water rent fee, which, it is now alleged, would have been sufficient to cover normal water use without the air conditioners. However, in order to ascertain the intention of the parties, we must first look to the lease itself. The deleted clause read as follows: "Lessee further agrees to pay as additional rent all water and sewer rent assessed against the demised premises during the term thereof when the same shall be due." Nothing could be clearer than that the parties, by deleting the clause, thereby intended to relieve lessee from payment of *all* water rent. There is no basis for construing it as an intention to relieve from basic or minimum water rent only. Furthermore, defendant was within his rights in installing the air conditioners without notice to or permission of plaintiff, because clause 42 of the lease gave lessee permission to "install trade fixtures, and to decorate or make interior alterations or installations." There is clearly no liability for excess water rent arising from the terms of the lease or by necessary implication therefrom.

Plaintiff also contends that where the lease is silent the tenant is primarily liable for water rent by operation of law. This contention is based on the fact that the Philadelphia ordinance in respect to water rates

frequently uses the word "consumer" therein and authorizes the bureau to shut off the water supply, where the charges are unpaid, after notice to the "delinquent consumer". There is, however, no provision in any law or ordinance giving the municipality the right to proceed against a tenant to collect delinquent water rent. On the contrary no personal liability can be assessed against either tenant or owner, but rather the premises are liable to a lien by virtue of the Act of May 16, 1923, P.L. 207, as amended, 53 PS 2024. The fact that the water supply may be shut off does not make a tenant primarily liable. No in personam action is available to collect delinquencies against the tenant, except possibly where the lease provides for tenant's liability. See *Philadelphia v. N. Snellenburg & Co.*, 163 Pa. Superior Ct. 507, 63 A. 2d 480. The method of collection of water rents available to the municipality is therefore to file a lien against the premises which is a proceeding in rem, not in personam. *Provident Tr. v. Judicial B. & L.*, 112 Pa. Superior Ct. 352, 171 A. 287. Since the City of Philadelphia had no right against defendant either under the lease or by virtue of statute or ordinance, plaintiff could not become subrogated to any right of action. It follows that defendant is not liable for the excess water rent either by agreement or by law.

Judgment affirmed.