## Philadelphia *v.* Northwood Textile Mills, Inc., Appellant.

Argued November 24, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*Richard R. Ransom,* with him *James C. Crumlish, Jr.,* and *Davis, Marshall & Crumlish,* for appellant.

*Levy Anderson,* First Deputy City Solicitor, with him *Karl I. Schofield* and *James L. J. Pié,* Assistant City Solicitors, and *David Berger,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE COHEN, March 16, 1959:

The two questions for our determination are (1) whether or not the City of Philadelphia is estopped from asserting its statutory lien for unpaid water and

sewer rents because it failed to notify the owner of the real estate (Northwood Textile Mills, Inc.) of the delinquency as required by Title 19, Section 1606(3) of the Code of General Ordinances, and (2) is it also estopped from asserting its lien where the City negotiated only with the tenant for payments of the delinquent water and sewer rents?

A lien was filed against the defendant-property owners for excess water and sewer rents pursuant to the Act of May 16, 1923, P. L. 207, as amended, 53 P.S. §7107. Subsequently, an amended Writ of Sci. Fa. was issued and served on defendant to which defendant filed an affidavit of defense and counterclaim. The City filed a motion for judgment for want of sufficient affidavit of defense and also preliminary objections to the defendant's counterclaim. After both motions were sustained the defendant took this appeal from the judgment of the lower court.

It is undisputed that the services were supplied by the City; that the unpaid water charges amount to $21,938.73, and that a lien was filed against the premises pursuant to the Act of 1923.

The Act of 1923 creates a remedy for the collection of delinquent water and sewer rents by providing that: "The lien . . . for water rates . . . or sewer rates . . . shall exist in favor of, and the claim therefor may be filed against the property thereby benefited by, the municipality extending the benefit . . . ." The action is one in rem, *Girard Trust Corn Exchange Bank v. Ermilio*, 178 Pa. Superior Ct. 316, 319, 115 A. 2d 922 (1955), and is enforceable against the property benefited. No personal liability can be asserted by the City against either tenant or owner.

Title 19, Section 1606(3) of the Code of General Ordinances of the City of Philadelphia provides: "(3) If any water or sewer rent remains unpaid for one

year after the bill has been rendered, the Department shall serve a notice upon the delinquent property owner and if the rent, with penalty and interest thereon, is not paid within ten days after such service, the Department may, in its discretion, deprive the premises of water until the amount of the bill with penalty and interest is paid."

Appellant contends that the purpose of this section is to impose on the City a requirement of due notice before they can either shut off the water or assert a statutory lien for delinquent water and sewer rents. This contention is devoid of merit. Obviously, the purpose of Title 19, Section 1606(3) is to provide the City with an additional remedy if the water user refuses to pay the delinquent bills. In pursuit of that additional remedy and before water service may be discontinued notice is required. We do not find any relationship between this section and the power of the municipality to assert a statutory lien against the premises for the purposes of collecting delinquent water and sewer rates. Both remedies are separate, distinct, and alternative; the election of one does not preclude the other. It is clear, therefore, that the purpose of Title 19, Section 1606(3) was to authorize the Department to shut off the water in order to give the Department a lever which would enable it to force the payment of past due water rents as well as prevent the accumulation of a larger delinquency. The failure of the City to use this facility does not affect the enforcement of the lien since neither the legislature or the City Council made the legislation interdependent.[1]

---

[1] While no Penna. cases can be cited to illustrate this point, *Loring v. Commissioner of Public Works*, 264 Mass. 460, 163 N.E. 82 (1928) and *Security B. & L. Ass'n v. Oswego*, 259 App. Div. 42, 18 N.Y.S. 2d 511 (1940) are in agreement.

The remaining contention of the appellant that the City may not enforce a statutory lien for excess water and sewer rent because the City negotiated and agreed with the tenant alone for the payment of delinquent water and sewer rent, and hence, is estopped from enforcing the lien is more than adequately answered in the following excerpts from the opinion of Judge DOTY filed in the court below:

"There can be little doubt that an owner of real property is aware, or should be aware, that when water is being furnished to its premises by the Water Department of the City of Philadelphia a statutory charge is periodically made for its consumption and that if the owner is not receiving the bills for this charge they are most likely being delivered to the address of the premises involved.

"Likewise, as between the owner and the City, the sole and primary duty for the payment of this charge is that of the owner. See Borough of Oakdale v. Knepper, 96 Pa. Superior Ct. 517 (1929). Any delegation of this duty does not relieve the owner without the consent of the party to whom the duty is owed—in this case the plaintiff City.

. . . .

"Thus, it would appear that when an owner, cognizant of his obligation and the physical presence of a water service on its premises, chooses to place a tenant in possession of his property, the owner creates an apparent agency in the tenant in so far as the right to use the water and to do all things reasonably necessary concerning it. If the owner desires to limit or curtail this agency relationship he may notify the City that he wishes all bills and communications concerning the water supply to be furnished to him, or make sure of the proper conduct of the agency by a periodic reading of a water meter located on its premises.

. . . .

"In the absence of any such limitation it would seem a reasonable rule that the apparent agency relationship persists and that the City may properly deal with the tenant as the agent of the owner for purposes of water supply. (See City of Philadelphia v. Powell et al., C.P. No. 3, September Term, 1949, No. 2413 (Phila. Co.)), where the Court said: 'We may add, however, that as between the City and the registered owner, it is the latter who is responsible for the tenant he places in possession of his premises. By so doing the tenant is, without more, vested with apparent agency to govern the water supply to the premises and there is no obligation upon the City to inquire into the terms of the parties' lease.'

"Indeed, as between the tenant and owner, ample methods of preventing the misuse of the agency exist. See Girard Life Insurance Co. v. City of Philadelphia, [88 Pa. 393] supra, where, as early as 1879, the Supreme Court set forth (at page 396) that which now seems elementary: 'Both evils may be avoided, in my opinion, by a provision in the mortgage, that at stated periods in each year the mortgagor shall produce to the mortgagee the evidence of the payment of taxes and water rents, and that default in such payment shall make the mortgage-debt become due and payable, with a scire facias clause, as in the case of non-payment of interest on the mortgage. Indeed I am informed that this is now done in many instances.'

"Accordingly, the defendant's averments in its affidavit that its tenant was responsible by the terms of the lease for the payment of the water and sewer rent; that an unconstitutional privation has been foisted on the defendant by reason of the fact that the tenant rather than the owner received all bills, and that the City's negotiations and agreements with the defend-

ants' tenants, individually or collectively do not constitute a proper defense to the plaintiff City's claim."

Judgment affirmed.