## Rupp v. Berwick

214

*Elwood R. Harding, Jr.,* for plaintiffs.
*Joseph F. Torsella,* for defendant.

MYERS, *P.J.,* April 28, 1980—Plaintiffs instituted an equity action in which they seek to enjoin defendant, Borough of Berwick, from continuing its alleged harassment of plaintiffs. The alleged harassment consists of threats to discontinue plaintiffs' sewage service and continued attempts by defendant Borough to collect certain sewage charges from plaintiffs.

Defendant filed preliminary objections including a demurrer, a motion to strike, and a petition raising the lack of equity jurisdiction. These preliminary objections are now before us for disposition.

1

In their complaint, plaintiffs allege that they purchased a dwelling within the Borough of Berwick in 1978. Sewage service to the property has been, and continues to be, provided by the Borough.

At the time they purchased the dwelling, plaintiffs requested the Borough to provide them an itemized list of any unpaid sewer bills for the three previous years. The Borough refused to provide this information, but plaintiffs were able to obtain the itemization from other sources.

However, when plaintiffs tendered to the Borough the amount due for the three previous years, the Borough refused to accept payment. Instead, the Borough invoiced plaintiffs for unpaid sewer bills dating back to 1960 pertaining to this dwelling. The Borough has also threatened to discontinue plaintiffs' sewage service unless the total amount is paid.

This dispute is primarily governed by the Act of May 16, 1923, P.L. 207, as amended, 53 P.S. §7143, and the Act of February 1, 1966, P.L. (1965) 1656, 53 P.S. §47064. Section 7143, which is part of the Act of May 16, 1923, permits the Borough to file a claim for unpaid sewer charges "on or before the last day of the third calendar year after that in which the ... rates are first payable." Such claims operate as statutory liens against the property; no personal liability can be asserted against a property owner on the basis of such a claim: Philadelphia v. Northwood Textile Mills, Inc., 395 Pa. 112, 149 A. 2d 60 (1959).

However, section 47064, which is part of The Borough Code, provides a somewhat different statutory rule. Under section 47064, the Borough may collect unpaid sewer bills "by an action of assumpsit, in the name of the Borough, against the owner of the property charged, or by distress of personal property on the premises, or by a lien filed in the nature of a municipal lien."

Relying upon section 47064, the Borough contends that plaintiffs have no legal basis on which to demand that the Borough cease its collection efforts. We disagree with the Borough's contention.

Although section 47064 permits the Borough to sue "the owner of the property charged," this provision must be construed to apply only to the property

owner who incurs the charges, and not subsequent purchasers. Otherwise, a subsequent purchaser would have no means of determining on the record whether prior sewer bills had been paid.

By placing a lien on the property, a municipality can, in effect, extend its claim to subsequent purchasers, but only under carefully defined circumstances, and for a limited period of time. Further, by a routine title search, any prospective subsequent purchaser could readily ascertain whether any such liens had been filed.

In our view, the procedures governing the filing of liens are a careful attempt by the Pennsylvania legislature to protect the interests of subsequent purchasers. These lien provisions would have no beneficial effect if a municipality could circumvent them simply by suing a subsequent purchaser in assumpsit.

Accordingly, we conclude that the term "owner" as used in 53 P.S. §47064 logically refers to the owner of the property at the time the charges are incurred. Therefore, plaintiffs have set forth a good cause of action in equity.

## 2

The motion to strike is based upon defendant's contention that the complaint contains scandalous material. Defendant has not specified the averments which it believes to be scandalous, and in our own examination of the complaint, we have not located any language which we deem to be sufficiently scandalous or impertinent to require it to be stricken. While the complaint does contain some allegations which are irrelevant, these may be treated as harmless surplussage.

## ORDER

And now, April 28, 1980, defendant's preliminary objections are hereby dismissed. Defendant is granted leave to file an appropriate responsive pleading within 20 days of service of this order.