## Norristown School District v. Norristown

*High, Swartz, Flynn & Roberts,* for plaintiff.

*Russell J. Brownback,* for defendant.

FORREST, J., November 17, 1949.—In the declaratory judgment petition which has been filed on the part of the School District of Norristown, which has been joined in by respondent, the Borough of Norristown, the questions submitted are as follows: (a) Is the School District of the Borough of Norristown required under the present law or under the then existing law, to pay to the Borough of Norristown the sewer rental charges set forth in paragraph 2 levied on the properties listed in paragraph 2 hereof, for the first six months of 1949? (b) Is the School District of the Borough of Norristown required, under existing law, to pay to the borough such sewer rental charges on such properties in the future?

The question here is, not whether the sewer rental ordinance of the Borough of Norristown is good and valid generally, but conceding its validity generally, whether the school district would be obligated to pay the sewer rent thus imposed.

The school district contends that section 631 of the School Code of May 18, 1911, P. L. 309, 24 PS §741, exempted the school district from the payment of this sewer rental. That section provides as follows:

"*All school property* owned by any school district, real and personal, that is occupied and used by any school district for public school, recreation, or any other purposes provided for by this act, shall be, and hereby is, made exempt from every kind of State, county, city, borough, township, or other *tax*, as well as from all *costs or expense* for paving, curbing, sidewalks, sewers, or other municipal improvements: Provided, that any school district may make any municipal improvement, in any street on which its school property abuts, or may contribute any sum towards the cost thereof." (Italics supplied.)

Section 776 of the Public School Code of March 10, 1949, P. L. 30, Purdon's Pa. Legis. Serv. 1949, vol. 2, is verbatim with the above-cited section 631 of the School Code of 1911. The Borough of Norristown answers that the Municipal Lien Act of May 16, 1923, P. L. 207, 53 PS §2025, allows this charge against the property of the school district.

We are not here deciding whether a sewer rent claim can be the basis of a lien against the property of the school district, but rather, whether the school district is obligated to pay a sewer rental upon using the facilities. It will be noted that these sections from the School Code of 1911 and the School Code of March 10, 1949, P. L. 30, as well as the section from the Municipal Lien Act of 1923, deal only with the question as to whether the property involved is to be subject to certain liens or execution. To illustrate, the school code provides:

"*All school property* owned by any school district, real and personal . . . shall be . . . made exempt from every . . . tax, as well as from all costs or expense . . . ." (Italics supplied.)

This act certainly does not provide that the school district shall not be obligated to pay a sewer rental, but only that its property shall be exempt. By the same token, section 5 of the Municipal Lien Act, supra, does

not impose any obligation on the school district to pay for any sewer rentals. That act, as has been said in Wilkinsburg Boro. v. School District, 298 Pa. 193 (1929), is a general assessment act and provides the means by which assessment claims may be made liens, etc., as is indicated, when the court said (p. 202): "The purpose of the Act of 1923 was to provide a general scheme for assessing benefits and collecting the amounts from the land itself, where improvements authorized have been undertaken." As has been stated heretofore, we are not dealing with the subject of the exemption of land from the assessing of benefits, but with the subject of whether a school district is obligated to pay a sewer rental in the same manner as any other user of the facilities.

The Act of July 18, 1935, P. L. 1286, sec. 1, as amended, 53 PS §1030, provided:

"Whenever any . . . borough . . . has . . . constructed . . . any sewer or sewage system or sewage treatment works, . . . such . . . borough . . . may provide by ordinance or resolution . . . for the imposition and collection of an annual rental or charge for the use of such sewer, sewage system, or sewage treatment works from the owners of the property served or to be served by it, . . ."

The Borough of Norristown has enacted such an ordinance. Now, the question is whether the school district is immune from the provisions thereof. In Hamilton's Appeal, 340 Pa. 17 (1940), at page 20, the court said:

"The construction, operation, or maintenance of sewer systems, water systems and gas systems by a municipal corporation is in the nature of a private enterprise. A municipality is not required to construct, own, or operate such public utilities . . . Lighton v. Abington Twp., 336 Pa. 345, 357. *In the ownership and operation of such facilities, the municipality stands*

*on the same footing as a private corporation and is entitled to the same privilege of receiving payment for the service rendered:* Jolly v. Monaco Borough, 216 Pa. 345, 349. The right of the City of Philadelphia to receive such payments for the use of its sewer facilities was expressly recognized in Williams v. Samuel, supra, at 271. These charges are not taxes, nor a substitute for taxes, but charges made, without discrimination, for an industrial service rendered in value equal to the respective sums charged; *by using the facilities with knowledge of the rates charged, the consumer, by implication, contracts and agrees to pay the rates, and his obligation to make payment rests upon contract rather than upon any exercise of the taxing power."* (citing cases) (Italics supplied.)

Thus, we see the obligation to pay for these services does not arise because of the fact that the Borough of Norristown is a municipality and can therefore impose an obligation on its users, but rather, because of the fact that the Borough of Norristown has offered these services and the school district has accepted this offer, whereby a contract arises and the school district, by using the facilities, is in no different position than a private person who uses them, and vice versa. If the school district should accept the offer of any utility company to dispose of its sewage, certainly the school district would be bound to pay for such services. Neither the School Code nor the Municipal Lien Act has any application to the instant case.

### Declaration

And now, November 17, 1949, on consideration of the petition of the School District of the Borough of Norristown, for the reasons given in the foregoing opinion, the court does order, adjudge and decree that:

(a) The School District of the Borough of Norristown is required under the present law, and under the

law prior to the School Code of 1949, to pay the Borough of Norristown rental charges set forth in paragraph 2 on account of the properties listed in paragraph 2, and

(b) The School District of the Borough of Norristown is required to pay to the borough such sewer rental charges on such properties so long as the school district accepts the services rendered, and so long as the present status and ordinances and no other pertain.

The costs shall be born equally by the School District of the Borough of Norristown and the Borough of Norristown.