Opinion by
 

 Montgomery, J.,
 

 These appeals are from judgments entered for appellee-defendants in four scire facias sur municipal claims proceedings. The appellant, East Taylor Municipal Authority, filed liens against appellees’ properties for “water furnished” from January 1, 1960, to June 30, 1961. Although the liens state that they are for water furnished, the actual basis for appellant’s claims is a contract which it entered into with appellees, whereby, in consideration of its construction of a water system to serve, inter alia, appellees’ properties, each agreed (1) to pay a tapping fee of $100 for a service connection and meter, (2) to connect their properties to the water system, and (3) to pay promptly a minimum monthly water service charge of five dollars for the first 2,500 gallons furnished, etc. All of the appellees paid the tapping fee and two of the properties made connections; but in no case was a meter installed or water furnished.
 

 Much of the opinion of the lower court is devoted to the interpretation of the contract, particularly as to whether it obligated appellees to pay the minimum charge regardless of whether they received water. We do not think that question is relevant in the disposition of this appeal.
 

 The claims in question were filed pursuant to the Act of 1923, P. L. 207, section 4 of which provides, inter alia: “The lien . . . for water rates ... or rates for any other service furnished by a municipality,— shall exist in favor of, and the claim therefor may be filed against the property thereby benefited by, the municipality extending the benefit; . . .” 53 P.S. 7107. '
 

 It must be noted that these claims do not represent assessments for laying of water pipes, although the
 
 *337
 
 statutory definition of “Municipal Claims” as set forth in section 1 of the 1923 Act, 53 P.S. 7101, permits the filing of claims for such benefits. They are, specifically, for monthly service provided from January 1, 1960, to June 30, 1961. Since the pleadings show that no service was provided during that period, there is no basis for the claims. The Act of 1923 does not provide for the filing of claims for the availability of service, charges for which are commonly known as ready-to-serve charges; nor does it provide for the filing of liens for the breach of contracts to accept service, which is the present situation.
 

 Appellant has cited to us several cases in support of its contention. The first is
 
 Central Iron & Steel Co. v. Harrisburg,
 
 271 Pa. 340, 114 A. 258, which recognizes that a city by ordinance may fix the price it charges for water by meter readings or by a “flat rate” which prevails whether the property owner uses water or not. However, it also recognized the owner’s right to discontinue the service (page 345), “No obligation existed on its part to continue the use of the water for any period of time, and its right to discontinue the service cannot be challenged.” Furthermore, this case was an action of assumpsit and did not involve the right of lien.
 

 Consolidated Ice Co. v. Pittsburgh,
 
 274 Pa. 558, 118 A. 544, was in equity for the adjustment of water rates and cannot be considered as authority for the filing of a lien for a ready-to-serve charge.
 

 Gericke v. Philadelphia,
 
 353 Pa. 60, 44 A. 2d 233, was also in equity for the adjustment of sewage rates as based on water consumption and is not pertinent to our present question.
 

 We have also reviewed the following cases concerning water services:
 
 Philadelphia v. Northwood Textile Mills, Inc.,
 
 395 Pa. 112, 149 A. 2d 60;
 
 Girard Trust Corn Exchange Bank v. Ermilio,
 
 178 Pa. Superior Ct.
 
 *338
 
 316, 115 A. 2d 922;
 
 Boro. of Oakdale v. John B. Knepper,
 
 96 Pa. Superior Ct. 517;
 
 Kohler v. Reitz,
 
 46 Pa. Superior Ct. 350, in all
 
 oí
 
 which the fact that
 
 water
 
 was being furnished is an important consideration, since one of the rights of the supplier is to shut off the supply when charges therefor remain unpaid. No case has been brought to our attention where a lien has been permitted when no water has been furnished. On the contrary, in
 
 Jolly v. Monaco Borough,
 
 216 Pa. 345, 65 A. 809, it is stated: “Water rates are paid as the compensation or equivalent, by those who choose to receive and use the water, as a commodity furnished by the borough. No one is compelled to receive or use the water, and when anyone does so, with knowledge of the ratés charged, he by implication agrees to pay those rates, and his obligation rests upon contract.” See also
 
 City of Philadelphia v. Philadelphia & Reading Railroad Company,
 
 62 Pa. D. & C. 434.
 

 We are not presently concerned with charges made under statutory authority or municipal ordinance in the nature of taxes but with a claim for services rendered. No water was requested or supplied; nor could it be supplied until the meters were installed. Therefore, no services were rendered as contemplated by the Municipal Claims Act. Were we to sustain appellant’s contention, property owners would be subject to claims indefinitely whether or not they ever desired or used one drop of water. We do not decide what their liability under the contract may have been, but only that no right of lien exists under the circumstances presented to us.
 

 Judgments affirmed.