## Ellport Borough v. Hogue

*Keller & Luxenberg,* for plaintiff.

*Gilbert E. Long,* for defendant.

HENDERSON, J., June 22, 1964.—The Borough of Ellport in Lawrence County, Pa. has caused to be constructed within its limits a sewerage system which was completed on February 15, 1964. This system has been in operation since that time. Defendant owns property within the Borough of Ellport, located at 301 Grim Street, upon which property he makes his residence.

In the construction of the sewerage system, the borough caused a sewer to be constructed in Grim Street in such a manner that the sewer line in that portion of the street abutting on defendant's property is higher than the level necessary to drain sewerage from the basement of defendant's home by gravity flow. However, the sewer in Grim Street is at such a depth as would accommodate the flow of natural drainage from the ground level floor of defendant's home and all the floors above that. According to the pleadings this particular condition exists only as to three properties in the Borough.

By borough ordinance no. 82, enacted on October 20, 1960, and particularly under section 1 thereof, all

owners of property abutting on or adjoining any street in which a sanitary sewer shall have been or will be connected are required to connect their properties to that sewer at any time within 45 days after receipt of notice so to do. It is agreed that such notices were given and that defendant has not made any such required connection.

The borough ordinance provides for certain criminal penalties to attach in the case of noncompliance with the notice to connect and under that section defendant was charged before a justice of the peace with violation thereof. Defendant was found guilty, fined the sum of $100 and has appealed from the imposition of that fine.

Counsel for defendant and for the borough have agreed that the following question shall rule this case:

"In a situation where the municipal sanitary sewer line is constructed in the street upon which the defendant's home is situated at such a depth in the street that, by gravity flow, all water and sewerage drainage from the defendant's home will naturally drain into that sanitary sewer, except drainage from the basement floor of the home, then when defendant does not comply with the ordinance and connect to the sanitary sewer, is the defendant guilty of a violation of the penal provisions of the ordinance? If so, defendant is guilty. If not, defendant is not guilty."

The applicable portion of the Borough Code which was in force at the time of the construction and completion of this sewerage system was the Act of July 10, 1947, P. L. 1621, sec. 64, 53 PS §47155, which reads as follows:

"Any borough may, by ordinance, require any owner of property, abutting on or adjoining any street in which is a sewer, to make connections with such sewer, in such manner as the borough may order, for the purpose of discharge of such drainage or waste matter as

the borough may specify. The borough may by penalties enforce any regulation it may ordain with reference to any sewer connections."

In brief, defendant's position is that the benefits received by him from the installation of a sewerage system are substantially less than those received by all other residents of the borough, with the exception of two, by reason of the fact that unlike the others, the drainage from the basement of his home cannot flow by gravity to the sewer; that in order to make such connection he would be required to install a pumping system to raise his drainage to the level of the sewer. Defendant by his counsel indicates a willingness to make the required connection if it can be made on the same basis as the other residents of the borough.

The position of the borough is that under the above-cited section of the code, the borough may, by ordinance require defendant to make this connection regardless of benefits received by defendant or the other residents and that they have done this by ordinance.

In 1963, since the completion of this system and the notice sent to defendant, the section of the Borough Code permitting the boroughs to require owners to make the connections has been amended limiting the rights of the borough to application only to owners of property "benefited, improved, and accommodated by any sanitary sewer."

Defendant would have us assess and compare benefits as between property owners under the theory that the amending statute of 1963 permits the requiring of sewer connections only on the basis of benefits derived.

Under the theory of Michener v. Philadelphia, 118 Pa. 534 (1888), in which plaintiff alleged that his property was not benefited by the sewer, the court found that the law presumes the benefit in these cases without requiring the necessity for a showing of the

benefit or a comparing of the benefit as between property owners. See also Elizabethtown v. Mt. Tunnel Cemetery Co., 303 Pa. 233 (1931).

The court may look to the matter of a determination of the benefits in sewer assessment cases, as is recognized by Whitemarsh Township Authority v. Elwert, 413 Pa. 329, 196 A. 2d 843 (1964), but we find no cases considering the amount of the benefits as a prerequisite for requiring that the connection be made. In fact, the court in this case went so far as to hold that under the Municipal Authorities Act of 1945, an authority has power to adopt simultaneously the so-called "benefit method" and the so-called "front foot method" in the assessment of costs of sewer construction done within the same construction project.

We also hold that under either the 1947 statute or the 1963 statute the borough may require defendant herein to make this connection at his own expense, "in such manner as the borough may order" provided only that its action is reasonable: 26 P. L. Encyc. Municipal Corporations §482.

We find no requirement in the 1963 Act that all properties be benefited, improved, and accommodated equally and find that it would be an unreasonable burden placed upon any municipality to require that they must provide equal benefits before they can require connections to their sewerage system.

If the municipality's action in this matter was reasonable, it may then require defendant to connect at his own expense. With regard to the question of reasonableness, defendant in his brief states that if he can be required to make this connection under these circumstances, then the ordinance would be just as valid if it required the property owner to connect into a sewer elevated to a height of 100 feet. We do not agree unless under that particular fact situation it would be reasonable for the borough to construct a sewer in that

location. If defendant's argument were true, then any property owner by excavating his cellar to a much greater depth would be able to hinder, delay, and possibly eliminate any municipality's installation of a sewer system, since under defendant's theory the municipality would be required to construct the system at a depth great enough to take defendant's sewerage from the bottom of the excavation by gravity flow. This, of course, is not reasonable and is not the law.

As Mr. Justice O'Brien said in Whitemarsh Township Authority v. Elwert, supra:

"This is a matter of balancing the equities between one property owner and the remainder of the property owners also serviced by the sewer system. If the appellees in this case do not pay their fair share of the cost of constructing this sewer, the remaining property owners must necessarily pay more than their fair share; if not in the form of assessment, then ultimately in the form of sewer service charges which will and must pay for the sewer system." (p. 338)

We find under the facts presented here that the borough's construction of the sewerage system in this instance is reasonable and proper and that the borough does have the right to require defendant to connect therewith. We, therefore, find that defendant is guilty of a violation of the penal provisions of the municipal ordinance.

Counsel for both parties herein have stipulated and agreed that the court's decision in this matter shall govern not only the criminal aspects of this appeal but also the civil aspects with regard to the unpaid annual sewer rental presently in the amount of $80 a year. Since counsel for each of the parties in this matter has attempted to work out an amicable settlement of some type and since at pretrial conferences defendant's offers of settlement appear to have been made in good faith and from a reasonable basis, we would hold that unless

defendant makes the required sewer connection within 45 days from the date of filing of this opinion, the sewer rentals from February 15, 1962, to date shall become due and payable. However, if the required connection is made within the said 45 days, we would excuse the payment of those prior sewer rentals.

### Order of Court

Now, June 22, 1964, defendant is hereby found guilty of violation of the Borough of Ellport Ordinance No. 82, and it is the sentence of the court that defendant pay the costs and a fine of $10.