Philadelphia *v.* Holley (et al., Appellant).

Argued March 25, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Franklin H. Spitzer,* with him *Wolf, Block, Schorr and Solis-Cohen,* for appellant.

*Karl I. Schofield,* Assistant City Solicitor, with him *Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellee.

OPINION BY JACOBS, J., June 17, 1966:

The City of Philadelphia, hereinafter called City, installed a water meter at 5443 Media Street, Phila-

delphia. This was part of a "Universal Metering Program" by the City to install meters in approximately 150,000 unmetered properties. In order to install the meter the City did certain preliminary work which included the installation of a horn, valves, some inside piping and outside piping, a curb cock and other facilities at the curb for shutoff purposes, and the renewal of the sidewalk paving. The meter was installed and the preliminary work was completed on June 9, 1958. The owners of the premises at the time the work was done were Nathan and Doris B. Ingram. They sold the premises to the present defendants on September 2, 1959, with the appellant AEtna Federal Savings and Loan Association, hereinafter called AEtna, giving the defendants a mortgage to enable them to make the purchase. At the time the mortgage was recorded no municipal lien appeared on the records against the premises. On December 29, 1961 the City filed a municipal lien in the County Court against the property for the water meter and preliminary work. The lien was in the total amount of $336.75 broken down as follows: water meter, $24.00; preliminary work, $312.75. AEtna later foreclosed on its mortgage and in his schedule of distribution the sheriff gave priority to the City's municipal claim. AEtna petitioned to strike the claim on the ground it was filed more than six months after the completion of the work. The county court refused to strike and AEtna brings this appeal.

The lien of municipal taxes and claims and the method of filing and perfecting same are set forth in the Act of May 16, 1923, P. L. 207, as amended, 53 P.S. §7101 et seq. The lien is created by statute and it will be lost if it is not filed within the time provided by the act. See *Borough of Youngwood v. Gay,* 71 Pa. Superior Ct. 154 (1919).

The sole issue before us is whether or not this municipal lien was filed in time. The applicable section

of the Act of 1923 appears at 53 P.S. §7143, and provides as follows: "Claims for taxes, water rents or rates, lighting rates, power rates, and sewer rates . . . shall be filed on or before the last day of the third calendar year after that in which the taxes or rates are first payable . . .; and other municipal claims must be filed . . . within six months from the time the work was done in front of the particular property. . ."

If the claim in this case qualifies as a claim for "water rents or rates", it was filed in time. If it does not so qualify, it must be stricken. The lower court found that this claim was part of a water rate. We cannot agree with this finding.

The words "rents or rates" are not defined by the act and must be given their plain everyday meaning. Statutory Construction Act of May 28, 1937, P. L. 1019, §33, 46 P.S. §533; *Commonwealth v. McHugh*, 406 Pa. 566, 178 A. 2d 556 (1962); *Vitolins Unemployment Compensation Case*, 203 Pa. Superior Ct. 183, 199 A. 2d 474 (1964). Webster's Third New International Dictionary defines a "rate" as "a charge per unit of a public-service commodity (as electricity, gas, water)", and defines "water rate" or "water rent" as "a rate or tax for supply of water". To the average householder his water rent or rate means either a flat charge for the water furnished him or a charge for each unit of water coming into his home. He understands his gas and electric rate the same way. Our Supreme Court gave judicial approval to this general usage in *Jolly v. Monaca Borough*, 216 Pa. 345, 65 A. 809 (1907), where the court defined a water rate as the price paid for water as a commodity. In addition, the householder expects to be billed periodically for his water, gas and electricity. A nonrecurring expense, particularly one as large as this, could not be comprehended within the ordinary meaning of the term, rate.

We are not persuaded by the City's reasoning that since water meter installation is a form of service which is part of the overall service of furnishing water, therefore, the cost of meter installation was a part of the rates charged for furnishing water. This reasoning ignores one fundamental factor, viz., that the City decided *not* to spread the cost of the meter installation by including it in the water rates. This alternative was considered but the City felt this method would be unfair because the owners of some 350,000 properties had already paid for their meters which had been installed at a prior time. Thus the City elected to charge each individual for his own installation costs and by this election barred itself from taking advantage of the priority protection afforded by the three year statute of limitations for the filing of claims for "water rents or rates".

The court below was of the opinion that the Philadelphia Home Rule Charter made the charges in connection with water metering a part of the rates. We cannot read such interpretation into the provision of the Charter relied on which states that "the Water Department shall fix and regulate rates and charges for supplying water, including charges to be made in connection with water meters." As we have pointed out above, the City's Water Department fixed charges in connection with water meters and chose not to include them in the rates. We see nothing in the City's action that conflicts with the direction in the Charter which requires only that charges be made for meters, not that such charges be included in the water rates.

Order reversed and the lien stricken.

WRIGHT, MONTGOMERY, and HOFFMAN, JJ., would affirm on the opinion of Judge DiNUBILE for the court below.