Morris Coudriet and Mary Coudriet, t/a St. Marys Used Car Center, Appellants *v.* Township of Benzinger, Appellee.

Argued December 6, 1979, before Judges CRUMLISH, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Morris L. Coudriet,* Pro Se, for appellants.

*Thomas G. Wagner,* for appellee.

OPINION BY JUDGE CRUMLISH, February 8, 1980:

The township of Benzinger, a second class township in Elk County, filed a municipal lien against the property of Morris and Mary Coudriet, t/a St. Marys Used Car Center (Appellants) in the sum of $216.00 plus a five per cent penalty. Township then caused a writ of scire facias sur municipal lien to issue against Appellants.[1]

In their Affidavit of Defense, Appellants contended that (1) the writ is improperly captioned because they had never been associated trading as St. Marys Used Car Center; (2) the township, as a use-plaintiff, failed to comply with Section 10 of the Penn-

---

[1] The sewer line in question is leased to the township pursuant to an agreement under which the sewer rentals charged against the various properties served by the sewer are used to satisfy the township's obligations under its lease from the Benzinger Township Authority, which constructed the sewer.

sylvania Municipal Claims and Tax Liens Act (Act)[2] in that the lien was not accompanied by an affidavit; (3) no sewer rentals are due since Appellants never tapped into the sewer line; and (4) the township intentionally discriminated against sewer users by arbitrarily exonerating certain users from sewer rentals.[3] To this, the township filed a Motion for Judgment for Want of Sufficient Affidavit of Defense. It was granted by the court below. We affirm, holding that none of the averments in the Affidavit of Defense constitutes a sufficient defense to the Motion for Judgment nor to the municipal lien on which it is founded.

Appellants' initial contention raises an objection to the improper inclusion of Mary Coudriet under the fictitious business name "St. Marys Used Car Center." The basis of this objection is that while Appellants are husband and wife, the proprietorship is listed in the husband's name only. Appellants fail to realize that a municipal lien proceeding is purely in rem and carries no personal liability. *Provident Trust Co. v. Judicial B. & L. Assn.*, 112 Pa. Superior Ct. 352, 171 A. 287 (1934). Likewise, a judgment obtained in scire facias proceeding is purely in rem ("de terris"), binding only the res and carrying no personal liability. *See* Section 23 of the Act, 53 P.S. §7274. As no objections have been raised to the description of the res and it being clear that the owners of the res received proper notification of the proceedings, we hold that the flaw in the caption of the lien is immaterial.

---

[2] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §7144.

[3] Appellants additionally allege, for the first time in their brief, that the Act, insofar as it provides for the collection of a municipal claim by the filing of a municipal lien against the property of the owners, conflicts with the Due Process Clause of the 14th Amendment to the United States Constitution. Whether the statutory requirements contravene constitutional protections was not raised below and will not be considered on appeal. Pa. R.A.P. 302.

Secondly, Appellants contend that the township failed to attach an affidavit to their original claim as required under Section 10 of the Act, 53 P.S. §7144. This statutory requirement, that a claim lien be accompanied by an affidavit, only applies to a "use-plaintiff." Appellants here have improperly categorized the township as a use-plaintiff. Here, the township has not brought the action in the name of another; rather, it has a primary obligation to satisfy its own contractual duties by collecting sewer rental fees. The mere fact that the rentals are paid over to the township Authority which built the sewers does not infer that the claim was filed on behalf of the Authority. Therefore, no affidavit is required since the township is not a "use-plaintiff" as contemplated by the Act.

Appellants next contend that they cannot be forced to pay sewer rentals since they have never tapped into the sewer system. We agree with the township that to allow individual property owners to elect not to tap into a sewer system accessible to it would circumvent the statutory purpose behind the imposition of sewer rentals and undermine the financial soundness of a municipality's sewer system. The rental charges are utilized to meet many fixed costs incurred by the township; costs such as operation expenses, maintenance, repair, inspection and depreciation which are incurred whether or not a particular individual is tapped into the sewer system. Appellants have not presented any justification for not tapping into the sewer system which is readily accessible to them and are responsible to pay the rental fees despite the fact they have not utilized the services available to them.

Finally, Appellants assert that the township unlawfully discriminated against them by arbitrarily refusing to exonerate them from the payment of sewer rates when their facilities were not in use as is its nor-

mal practice. So long as properties in a municipality are properly classified and there is no showing that the complaining sewer rent payer is discriminated against as compared with other members of his own class, he has a very heavy burden if he wishes to upset or modify rental by showing that he is discriminated against with regard to members of some other class. *Hickory Township v. Brokway*, 201 Pa. Superior Ct. 260, 192 A.2d 231 (1963). Here, Appellants have not met their burden of proving discrimination since they have been charged the same sewer rentals as those charged all other commercial properties throughout the township. There is no constitutional or statutory entitlement to a grant of an exoneration from sewer rentals. The law places no duty upon the township to grant exonerations to particular properties.

Accordingly, we

ORDER

AND Now, this 8th day of February, 1980, the order of the Court of Common Pleas of the Fifty-Ninth Judicial District, Elk County Branch, dated August 25, 1978, is hereby affirmed.

Judge DISALLE did not participate in the decision in this case.