John W. Marnickas, Appellant *v.* Tremont Municipal Authority, Appellee.

118

Argued February 3, 1982, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Stephen P. Ellwood,* with him *Isadore E. Krasno, Krasno & Krasno,* for appellant.

*Fred J. Wiest, Williamson, Friedberg & Jones,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 9, 1982:

Marnickas appeals a Schuylkill County Common Pleas Court order requiring him to pay sewer rental fees to the Tremont Municipal Authority. We affirm.

In 1976, the Authority constructed a wastewater collection and treatment plant in the Borough of Tremont. Residents were notified to connect to the system and sewer rentals[1] would be charged as of January 1, 1977. Marnickas did not connect to the system and now refuses to pay the sewer rentals.

Our scope of review is limited to determining whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the Authority's duties and functions. *Blumenschien v.*

---

[1] The case was submitted to the trial judge upon a stipulated set of facts. The parties stipulated that the sewer rentals and charges were reasonable.

*Pittsburgh Housing Authority*, 379 Pa. 566, 573, 109 A.2d 331, 335 (1954).

Marnickas contends that the Authority has no authority to collect charges for a service that is not adequate, safe, and reasonable. Since his property cannot be connected to the sewer system by a gravity flow, but instead requires him to install a sump pump, Marnickas argues that the system was unreasonably constructed and is of no value to him.

Section 4 of the Municipal Authorities Act of 1945[2] grants a Municipal Authority the power to determine "by itself exclusively the services and improvements required to provide adequate, safe, and reasonable service." The Act specifically vests the courts of common pleas[3] with exclusive jurisdiction over suits which question the adequacy, safety, and reasonableness of the Authority's services.

We agree with the court below that Marnickas failed to meet his burden of proving the service to be unreasonable. *Yezioro v. North Fayette County Municipal Authority*, 193 Pa. Superior Ct. 271, 164 A.2d 129 (1960). Marnickas has presented no evidence which would demonstrate that his cost of connecting to the sewer system would be prohibitive or that the costs incurred from installing a sump pump[4] would *far*

---

[2] Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §306.

[3] The suit may be brought "in the court of common pleas of the county wherein the project is located, or if the project is located in more than one county then in the court of common pleas of the county wherein the principal office of the project is located. The court of common pleas shall have exclusive jurisdiction to determine all such questions involving rates or services." 53 P.S. §306B(h).

[4] Parties have stipulated that "at least twenty-five (25) percent of the properties served by the system do not have basement drainage." Marnickas asserts that this fact demonstrates the unreasonableness of the sewer system. This fact alone is insufficient to support his assertion since we do not know if all these properties actually have basements.

exceed the costs incurred by other users who can connect by gravity flow.[5]

Marnickas further contends that the sewer service is inadequate, unsafe, and unreasonable because, as constructed, it is of no value to him or his property. Value must relate to the services actually consumed or readily available. *Patton-Ferguson Joint Authority v. Hawbaker,* 14 Pa. Commonwealth Ct. 402, 322 A.2d 783 (1974). Marnickas argues that the services were not "readily available" since no service would be available to him absent substantial changes to his property. He fails, however, to elaborate what those changes must be; hence, we hold that the system, as constructed, is readily accessible to his property.

There is a rebuttable presumption that a property is benefitted by the construction of an adjacent sewer system. *Whitemarsh Township Authority v. Elwert,* 413 Pa. 329, 196 A.2d 843 (1964). Marnickas has not presented sufficient evidence to rebut this presumption. His property is accessible to the sewer system, notwithstanding that a sump pump is required for connection to it.

Marnickas must pay the sewer rentals even though he has not tapped into the sewer system. We hold the reasoning in *Coudriet v. Township of Benzinger,* 49 Pa. Commonwealth Ct. 275, 411 A.2d 846 (1980), to be controlling:

> [T]o allow individual property owners to elect not to tap into a sewer system accessible to it would circumvent the statutory purpose behind the imposition of sewer rentals and undermine the financial soundness of a municipality's sewer system. The rental charges are utilized to

---

[5] Clearly, it would be unreasonable for us to mandate that the Authority provide precisely equal benefits to all properties. For similar reasoning, *see Ellsport Borough v. Hogue,* 34 Pa. D. & C.2d 439 (1964).

meet many fixed costs incurred by the township; costs such as operation expenses, maintainance, repair, inspection and depreciation which are incurred whether or not a particular individual is tapped into the sewer system. Affirmed.

### ORDER

The order of the Court of Common Pleas of Schuylkill County, No. J-161, dated November 24, 1980, is affirmed.

Judge MENCER did not participate in the decision in this case.