## Windber Area Authority v. Bottorff

*John M. Cascio,* for plaintiff.
*Samuel F. Rizzo,* for defendants.

SHAULIS, *J.*, August 3, 1983—This court now has before it a motion for summary judgment filed by plaintiff Windber Area Authority, (hereinafter authority).

## FACTS

This case arises out of a dispute between the authority and four defendants: Robert G. Bottoroff, Ray E. and R. Diane Evans, Benjamin G. and Dorothy J. Gordon and Dennis W. and Dorothy J. Rice. Defendants all own residential real estate in either Ogle or Paint Township, in areas receiving water service from the authority. On October 31, 1971 and November 22, 1971, Paint and Ogle, respectively, passed ordinances requiring residents to pay a tap-in fee to connect onto their new water system. Defendants failed to pay this fee. In December, 1972 the township passed a second ordinance requiring the town's residents to pay a flat monthly water fee. Defendants were assessed this fee, irrespective of the fact that they received no water service. Although one defendant has paid his connecting fee, none of them have received any water service. Defendants acknowledge their duty to pay the connecting fee, but seek relief from the payment of the back water bills from 1972. As there are no facts at issue, plaintiff has moved for summary judgment.

## DISCUSSION

Both parties agree that this motion for summary judgment addresses one issue, the power of the authority to charge residents for water usage prior to the residents connecting onto the water line. The charge for water is a fee for services rendered. It differs from a one-time fixed installation cost. As the residents received nothing from the authority, they are not liable to pay for a service never received.

The authority is not empowered by their municipal authority to charge their customers for water they cannot receive. Plaintiff's cite Marnickas v. Tremont Municipal Authorities, 67 Pa. Commw. 117, 445 A.2d 1383 (1982), and Coudriet v. Township of Benzinger, 49 Pa. Commw. 275, 411 A.2d 846 (1980), as establishing the municipality's right to charge a resident a one-time fee for the installation of a sewer system in all of the dwellings along a water line. This differs from the monthly water rates in that this represents a fixed installation cost to be spread through the entire community. Water fees are more a variable cost, based on water consumption. Assuming that the authority's decision to install the sewer is a reasonable one at a reasonable cost, it is within their powers to make this assessment. It is roughly akin to a tax. An individual resident does not have the right to decide not to abide by a reasonable municipal decision made for the good of the community.

Defendants acknowledge this and are willing to pay their installation fee. They question the monthly water rates they have been charged while receiving no service.

A water rate charged by a municipality is not the same as an installation fee. Philadelphia v. Holley, 208 Pa. Super. 47, 220 A.2d 396 (1966). This fee benefits not only the individual residents, but the entire municipality by apportioning the cost of necessary community improvements among the whole community. A water rate, however, is a charge to an individual resident for personal consumption. A city by ordinance can set the rate to charge for water, but it must recognize the owner's right to discontinue the service: "No obligation existed on its (the resident's) part to continue the use of the water any period of time, and its right to discontinue the ser-

vice cannot be challenged." Central Iron & Steel Co. v. Harrisburg, 271 Pa. 340, 114 Atl. 258, 260 (1921).

Defendants in this case should not be charged for a service which they have not received. As stated in Jolly v. Monaca Borough, 216 Pa. 345, 65 Atl. 809 (1906): "Water rates are paid as the compensation or equivalent, by those who choose to receive and use the water, as a commodity furnished the borough. No one is compelled to receive or use the water and when anyone does so with knowledge of the rates charged, by implication agrees to pay those rates, and his obligation upon contract." See also City of Philadelphia v. Philadelphia & Reading Railroad Company, 62 D.&C. 434 (1940).

In East Taylor Municipal Authority v. Finnigan, 202 Pa. Super. 335, 195 A.2d 821 (1964), the Pennsylvania Superior Court faced a situation similar to the one at issue. Four defendants signed a contract with a municipal authority agreeing to tap into the water line. All four paid the tapping fee, and two had pipes connected, but no water was pumped for 18 months. The municipality, however, charged the defendants a flat monthly water rate for this time period, claiming that defendants owed the money due to their water contract. The court acknowledged that a municipality has some control over rates, such as their ability to charge users a flat minimum rate for water service. They refused, however, to allow it the right to charge for services not rendered, and found defendants not liable for the unused water.

"No water was requested or supplied; nor could it be supplied until the meters were installed. Therefore, no services were rendered as contemplated by the Municipal Claims Act. Were we to sustain ap-

pellant's contention, property owners would be subject to claims indefinitely whether or not they ever desired or used one drop of water." Id. at 823.

In the instant case, defendants have been charged a water fee for 10 years without receiving any water. They are not liable for a commodity which they have not received.

In addition, the ordinances do outline the procedure which the authority is to follow in the event that a property owner refuses to connect into the water system. Sections seven and eight of both ordinances outline this procedure:

"Section seven. If the owner or owners of any occupied houses, buildings or structures in the township shall neglect or refuse to comply with the provisions of this ordinance or the written notice as prescribed in section three hereof, the township or the authority may perform or cause to be performed such work and labor and furnish or cause to be furnished such material as may be necessary to comply with the provisions of this ordinance at the cost and expense of such owner or owners, together with ten percent additional thereof on all charges and expenses incidental thereto, which sum shall be collected from said owner or owners for the use of the township or the authority as debts are by law collectible, or the township or authority may, by its proper officer, file a municipal claim or lien therefore against said premises as provided by law.

"Section 8. In addition to any penalty hereinabove prescribed, any person, firm or corporation failing to make the proper connection within the time specified, after receipt of proper notice as provided in section three hereof, shall, upon conviction hereof before a justice of the peace, pay a fine or penalty of

$50 for each day in violation hereof, and violating any of the other provisions of this ordinance, shall pay a fine or penalty of not less than five dollars nor more than $100, and, upon default of payment of either thereof, shall be sentenced to undergo an imprisonment of not less than five days nor more than 30 days in the county jail.

· The record reveals no reason why the authority chose not to utilize their empowered remedy to rectify this situation years ago. Instead, they sent water bills to defendants for ten years assuming that they would pay for water unreceived. This court will not break from precedent and force defendants to pay for unreceived services, especially in light of the authority's unwillingness to follow their own ordinances.

## ORDER

Now, this August 3, 1983, summary judgment is entered in favor of plaintiff and against defendants as follows:

Robert G. Bottorff .......................... $250.00
Benjamin G. Gordon and
Dorothy J. Gordon,
husband and wife .......................... $250.00
Dennis W. Rice and
Dorothy J. Rice,
husband and wife .......................... $250.00
Ray E. Evans, Jr. and
R. Diane Evans,
husband and wife ...................... ——0——

Summary judgment is entered in favor of all defendants on plaintiff's claims for payments for water.