Edward Pelton, Alexander Hatalski, and Harry W. Myers and Kathleen Myers, his wife *v.* Pine Creek Municipal Authority, Edward Pelton, Alexander Hatalski, Appellants.

Argued April 30, 1984, before Judges ROGERS, MAC-PHAIL and BARBIERI, sitting as a panel of three.

*Garry Wamser,* for appellants.

*Lewis G. Steinberg, Lugg, Snowiss, Steinberg & Faulkner,* for appellee.

OPINION BY JUDGE BARBIERI, September 21, 1984:

This is an appeal from an order of the Court of Common Pleas of Clinton County denying declaratory relief to certain individuals (Appellants) owning homes in an area of Pine Creek Township served by the Pine Creek Municipal Authority (Authority). We affirm.

At some time prior to 1975 the Authority was formed pursuant to the authority conferred in Section 3 of the Municipality Authorities Act of 1945 (Act), Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §303, for the purpose of constructing and operating a sewage collection system in portions of Dunstable Township and Pine Creek Township, and for the purpose of constructing and operating a sewage disposal system for these portions of the two townships and the Borough of Avis. These facilities were subsequently constructed with funds supplied by both federal and state authorities and by funds raised through the Authority's issuance of bonds, and in 1975 the Authority, pursuant to the authority conferred upon it by Section 4(h) of the Act, 53 P.S. §306(h), adopted, *inter alia,* the following resolution:

> Sewer rates and other charges are imposed upon and shall be collected from the owner of each improved property which shall be connected with the sewer system for the use of the sewer system, whether such use shall be direct or indirect, which sewer rates and charges shall commence and shall be effective as of April 1, 1975, the required date of connection of each im-

proved property to the sewer system and shall be payable as provided in the regulations and rate schedule.

Appellants, all property owners in Pine Creek Township having homes located within 150 feet of the Authority's sewer lines, subsequently refused to connect their homes to the Authority's sewer system except for Edward Pelton who connected his home to the Authority's sewer system in 1979 after judicial proceedings to compel him to do so were instituted. Mr. Pelton refused to pay any sewer fees for the time prior to his connection to the Authority's sewer system, however, and the other Appellants similarly refused to pay any sewer fees since they were not connected to the system. To compel the payment of these fees the Authority instituted judicial proceedings to have Appellants' water service terminated, and in response Appellants filed a Petition for Declaratory Judgment asserting therein, *inter alia,* that the Authority was not authorized to impose sewer fees on homeowners who were not connected to the Authorities sewer system. As noted above, however, the common pleas court found no merit in this or any of the other legal theories advanced in Appellants' petition, and accordingly denied Appellants' request for declaratory relief. The present appeal followed.

Before this Court the sole issue raised by Appellants is whether the Authority is authorized to assess sewer fees against properties which should be, but which are not, connected to the Authority's sewer system.

We recently addressed this same issue in *Marnickas v. Tremont Municipal Authority,* 67 Pa. Commonwealth Ct. 117, 445 A.2d 1383 (1982), where we held that landowners who are assessed sewer fees pursuant to Section 4 of the Act "must pay the sewer rentals even though [they have] not tapped into the

sewer system," *id.* at 120, 445 A.2d at 1385, and we find no merit in Appellants' contention, advanced in their brief to this Court, that our decision in *Marnickas* is contrary to our Supreme Court's decision in *Hamilton Appeal,* 340 Pa. 17, 16 A.2d 32 (1940).

In *Hamilton's Appeal,* our Supreme Court concluded that *a municipality's* operation of a sewer system was an action within the municipality's proprietary, and not governmental capacity, and hence that a municipality could not finance the operation of its sewer system through a general tax. The court then concluded that a sewer charge imposed by the City of Philadelphia (City) was a tax since it was assessed against properties not connected to the City's sewer system, and in this regard, noting that the charge had purportedly been imposed pursuant to the provisions of Section 1 of the Act of July 18, 1935 (Sewer Act), P.L. 1286, *as amended,* 53 P.S. §2231, concluded that "[h]aving due regard for the ordinary meaning of the unambiguous language used in the Act, it would appear solely to charges based upon actual user [sic] of the sewer system. . . ." *Id.* at 22, 16 A.2d at 35. Even if we were to assume, however, that the Supreme Court's reasoning that a municipality's operation of a sewer system is solely an action within its proprietary capacity is still valid in light of the many environmental laws which have subsequently been enacted recognizing the importance of sewer systems to the general health and welfare of communities, the fact remains that *Hamilton's Appeal* only addressed itself to sewer fees imposed *by municipalities* pursuant to Section 1 of the Sewer Act, and not to charges, as here, imposed by municipal authorities pursuant to Section 4 of the Act. Hence, *Hamilton's Appeal* is clearly distinguishable from our decision in *Marnickas* which is controlling here. We shall therefore affirm.

ORDER

Now, September 21, 1984, the order of the Court of Common Pleas of Clinton County at No. 672-80 (Civil), dated January 29, 1982, is hereby affirmed.